STATE OF NEBRASKA, APPELLEE, V. LYLE N. FIX, APPELLANT.
365 N.W.2d 471

Filed April 5, 1985.   No. 84-581.

Curtis A. Sikyta, for appellant.

A. Eugene Crump, Deputy Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Lyle N. Fix, was charged in the county court for Garfield County, Nebraska, in a three-count complaint. Count I charged him with violating Neb. Rev. Stat. § 39-669.07 (Reissue 1984), operating a motor vehicle while under the influence of alcohol. Count II charged him with violating Neb. Rev. Stat. § 39-669.08(4)(a) (Reissue 1984), refusing to submit to a chemical test of his blood or urine when directed to do so by an officer. Count III charged him with violating Neb. Rev. Stat. § 28-907(1)(a) (Reissue 1979), furnishing false information to a police officer with the intent to instigate an investigation of an alleged crime. Following a trial to the court, Fix was found guilty of all three charges. On counts I and II he was sentenced to the county jail for a period of 7 days on each count, the sentences to run concurrently. Additionally, he was fined $200 on each count and ordered not to operate a motor vehicle for a period of 6 months. On count III he was sentenced to the county jail for a term of 30 days, to run consecutively to the sentences imposed on counts I and II. Fix appealed to the district court for Garfield County, Nebraska, where the convictions and sentences were affirmed.

He now appeals to this court, setting out a number of assignments of error. We believe, however, that none of them entitle him to either a reversal of the convictions or a new trial, and we therefore affirm.

Fix maintains that the district court committed reversible error for one or more of the following reasons: (1) In failing to dismiss the charges against him due to unreasonable delay in processing the appeal to the district court; (2) In failing to find that the county court erred in admitting into evidence exhibits 2

and 5; (3) In failing to determine that the county court had abused its discretion in questioning witnesses during the course of the trial in the county court; (4) In failing to find that there was insufficient evidence upon which Fix could be found guilty of any of the charges; and (5) In failing to find that the sentences imposed were an abuse of discretion. We shall address the matters in the order in which they are listed above.

The record discloses that Fix's appeal was filed in the district court for Garfield County, Nebraska, on September 20, 1983, and was not decided until June 12, 1984. While we do not condone delay, in the instant case the delays were occasioned through no one's real fault but, rather, due to the illness and retirement of two former district judges handling the matter prior to its ultimate decision. The legal issue, however, has been recently determined by us, and contrary to Fix's contention. In the case of *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984), we held that undue delay in ruling upon an appeal does not warrant dismissal of a criminal charge. In reaching that conclusion we pointed out that there is no guaranteed right of appeal, in a criminal conviction, under the federal Constitution, nor a state constitutional right to appeal in misdemeanor cases. Fix's first assignment of error must be overruled.

Fix's second assignment of error is likewise of no avail to him. During the course of the trial, the court permitted the State to introduce into evidence exhibits 2 and 5. Exhibit 2 is an offense report prepared by the investigating officer. Exhibit 5 is a voluntary statement made by Fix's son to the investigating officer. We need not address the question of whether the exhibits were properly admitted into evidence. The contents of the exhibits contain nothing more than statements concerning the events and were testified to without objection by both the investigating officer and the son during the course of the trial. At best, they were cumulative and in no way prejudiced the rights of Fix. We have frequently held that if properly admitted evidence exists to establish that which improperly admitted evidence also establishes, the error in receiving the inadmissible evidence is not grounds for reversal. See, *State ex rel. Douglas v. Morrow*, 216 Neb. 317, 343 N.W.2d 903 (1984); *State v.*

*Massey*, 218 Neb. 492, 357 N.W.2d 181 (1984). We have further held that this court will not set aside a judgment in a criminal case on the grounds of improper admission of evidence if, after an examination of the entire case, we consider that no substantial miscarriage of justice actually occurred. See *State v. Massey, supra*. Our examination of the record leads us to that very conclusion, and for that reason Fix's second assignment of error must be overruled.

Fix next argues that the county court abused its discretion in questioning witnesses. While, generally, the trial court should leave the trial of a lawsuit to the lawyers, there is statutory authority for the trial court to ask questions. Specifically, Neb. Rev. Stat. § 27-614(2) (Reissue 1979) provides in part: "The judge may interrogate witnesses, whether called by himself or by a party." While we do not condone the practice of the trial judge's interrogating witnesses so as to assist one or the other of the parties, we do recognize that in certain instances it may be necessary for the trial judge to interrogate the witness in order to develop the truth. See, *Pitt v. Checker Cab Co.*, 217 Neb. 600, 350 N.W.2d 507 (1984); *State v. Brehmer*, 211 Neb. 29, 317 N.W.2d 885 (1982); *Foremost Ins. Co. v. Allied Financial Services, Inc.*, 205 Neb. 153, 286 N.W.2d 740 (1980).

An examination of the record in this case clearly points out that the questions asked by the county court judge did not in any way assist the State. As a matter of fact, in one instance, after asking several questions, the trial court sustained an objection made by Fix, and on another occasion inquired of a reserve officer how many reserve officers were on the force.

Additionally, Fix made no objection at the time of trial. While we recognize that counsel may find it uncomfortable to object to questions propounded by the court, nevertheless, § 27-614 makes it clear that such objections must be made, and provides an opportunity to do so without prejudicing the jury in the event that one should be present. In the instant case, of course, there was no jury, and counsel should have indicated for the record any objections he may have had to questions propounded by the court. In any event, an examination of the specific questions discloses that there was no prejudice to the defendant, and his assignment of error in that regard must

likewise be overruled.

We turn, then, to Fix's next assignment, that there was insufficient proof to convict him. In determining the sufficiency of the evidence to sustain a conviction, we must keep in mind that it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984); *State v. Meis*, 217 Neb. 770, 351 N.W.2d 79 (1984); *State v. Christiansen*, 217 Neb. 740, 351 N.W.2d 67 (1984). Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Schroder, supra.*

There is evidence in the record from which a trier of fact could find that on April 13, 1983, a car belonging to Fix's son, Rodney, and occupied by Fix and his son was eastbound on a residential street in Burwell, Nebraska, when it slid into a ditch. While there is some conflict in the evidence as to who was driving the automobile, Rodney testified without objection that Fix was driving the vehicle. It would seem that such evidence was sufficient to establish the identity of the driver of the vehicle. Additionally, both the operator of a motel located next to where the accident occurred and the investigating officer described Fix's appearance. The investigating officer testified that Fix's speech was slurred, he was unsteady on his feet, he definitely smelled of alcohol, his appearance was flushed, and his eyes were bloodshot. Moreover, Fix had difficulty in retrieving identification from his billfold. It was further revealed that while the investigating officer was unlocking the door to the sheriff's office, Fix stumbled and fell and had to be helped into the office. Fix's son testified that the parties had been drinking prior to the accident. The motel operator testified that when Fix entered the motel he was unsteady on his feet, had difficulty getting into the toilet of the motel, and was not coherent when speaking. While some of the evidence may be in conflict, there certainly was sufficient evidence from which the trier of fact could find that Fix was operating a motor vehicle while under the influence of alcohol in violation of § 39-669.07. The evidence is further without contradiction that

the investigating officer requested Fix to submit to a blood or urine test and he refused to do so. That constitutes a violation of § 39-669.08(4)(a).

The evidence with regard to count III, violating § 28-907(1)(a), is a little more confusing, but still sufficient to permit the trier of fact to find Fix guilty. The record discloses that when Fix was initially arrested, he reported to the investigating officer that an envelope containing money was in the vehicle and that it contained an amount of money once said to be $1,900 by Fix and on another occasion $9,700 by his son. The officer was told that the money represented funds which, at least in part, had been given to Fix by his mother. However, when she was contacted by the investigating officer, Fix's mother denied giving Fix any large sums of money and, in fact, testified at trial that she had only given him some $35 or $40 in order to purchase gasoline. The investigating officer spent most of the night attempting to locate the envelope. When the investigation failed to turn up any money, and when Fix's mother denied having given Fix any such money, the investigating officer again talked to Fix's son. At that time the son admitted that there was no money in the vehicle. During the course of the trial, the son denied that fact, but admitted he did not know how much, if any, money was in the envelope in the vehicle, even though he had told the investigating officer on the night of the accident that there was $9,700 in the vehicle. Furthermore, there was evidence to the effect that Fix had not been gainfully employed on a full-time basis since 1974 and was not likely to have accumulated any significant amount of money. What the evidence does clearly establish, however, is that the evil which § 28-907 is intended to prevent occurred in this case. The law enforcement department for this community is extremely small. The record indicates that it consisted of only two officers, one working days and one working nights. Because of the statement made by Fix, the one officer was required to occupy his entire evening investigating the allegedly missing money and was taken away from his real purpose, that of patrolling the community during the night hours. The evidence was sufficient to permit the trier of fact to find Fix guilty on count III. For that reason Fix's assignment of error

that the evidence was insufficient is overruled.

That leaves us then with the final assignment, regarding the abuse of discretion in sentencing. The sentences on counts I and II were well within the statutory limits. We have repeatedly held that a sentence imposed within the statutory limits will not be overturned on appeal in the absence of an abuse of discretion by the trial court. *State v. Jallen*, 218 Neb. 882, 359 N.W.2d 816 (1984). See, also, *State v. Reuter*, 216 Neb. 325, 343 N.W.2d 907 (1984). Fix has pointed out to us no evidence of any abuse of discretion, and therefore we are not inclined to overturn the sentence on appeal. With regard to count III the offense is a Class I misdemeanor punishable by a maximum of up to 1 year's imprisonment. Fix's sentence of 30 days was well within the limits of a sentence which could be imposed for a violation of count III, and, in fact, nearly minimal. As observed by the sentencing court, the violation was, however, a serious matter and not one which could be ignored. We are simply unable to say that the county court in any manner abused its discretion when imposing the sentences in this case. For that reason the last assignment of error must likewise be overruled. For all of these reasons, therefore, the judgment and sentence of the district court affirming the judgment and sentences of the county court are affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in the result.