Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/13/2018 09:09 AM CDT

In re Interest of J.K., a child
under 18 years of age.
State of Nebraska, appellant,
v. J.K., appellee.

___ N.W.2d ___

Filed July 13, 2018.    No. S-17-982.

1. **Judges: Recusal: Appeal and Error.** A motion to disqualify a trial judge on account of prejudice is addressed to the sound discretion of the trial court. An order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law.
2. **Appeal and Error.** Appellate review of a court's use of inherent power is for an abuse of discretion.
3. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
4. **Judges: Recusal: Waiver.** A party is said to have waived his or her right to obtain a judge's disqualification when the alleged basis for the disqualification has been known to the party for some time, but the objection is raised well after the judge has participated in the proceedings.
5. **Judges: Recusal: Appeal and Error.** Once a case has been litigated, an appellate court will not disturb the denial of a motion to disqualify a judge and give litigants a second bite at the apple.
6. **Judges: Recusal: Time.** The issue of judicial disqualification is timely if submitted at the earliest practicable opportunity after the disqualifying facts are discovered.
7. **Judges: Recusal.** Under the Nebraska Revised Code of Judicial Conduct, a judge must recuse himself or herself from a case if the judge's impartiality might reasonably be questioned.
8. ____: ____. Under the Nebraska Revised Code of Judicial Conduct, such instances in which the judge's impartiality might reasonably be

questioned specifically include where the judge has a personal bias or prejudice concerning a party or a party's lawyer.

9. **Judges: Recusal: Presumptions.** A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality.

10. **Judges: Recusal.** In evaluating a trial judge's alleged bias, the question is whether a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown.

11. **Judges: Recusal: Judgments.** Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion directed to a trial judge.

12. **Judges: Recusal.** Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

13. **Judges: Witnesses: Evidence.** Comments by the judge presiding over a matter are clearly not evidence, because a judge may not assume the role of a witness.

14. **Trial: Judges: Witnesses: Rules of Evidence.** Neb. Rev. Stat. § 27-605 (Reissue 2016) was drafted as a broad rule of incompetency designed to prevent a judge presiding at a trial from testifying as a witness in that trial on any matter whatsoever.

15. **Trial: Judges: Witnesses.** A judge's taking the role of a witness in a trial before him or her is manifestly inconsistent with the judge's customary role of impartiality.

Appeal from the County Court for Washington County: C. MATTHEW SAMUELSON, Judge. Exception overruled.

M. Scott Vander Schaaf, Washington County Attorney, and, on brief, Emily A. Beamis for appellant.

Nicholas E. Wurth, of Law Offices of Nicholas E. Wurth, P.C., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ., and DOBROVOLNY, District Judge.

Funke, J.

In a delinquency proceeding brought under the Nebraska Juvenile Code,[1] the county court for Washington County, sitting as a juvenile court, found the State of Nebraska failed to prove the allegations against the appellee, J.K., and dismissed the proceedings. The State filed this exception proceeding challenging the court's rulings on a motion to recuse and a motion to join the case with that of another minor. Because we find the State's assignments of error to be without merit, we overrule its exception.

## I. BACKGROUND

In August 2015, J.K. and J.G., both male minors, were arrested by the Blair Police Department. The State filed criminal complaints against J.K. and J.G. under separate Washington County Court dockets. While J.K. and J.G. made their initial appearances together, J.K. had an individual preliminary hearing before the county court judge.

At J.K.'s preliminary hearing, the State called as a witness a Blair Police Department detective. The detective testified that Y.C., a female minor, reported being sexually assaulted by J.K. and J.G. on August 15, 2015. The detective stated that Y.C. had reported voluntarily going to the parking lot of her apartment building to spend time with J.K. and J.G., declining numerous sexual advances by J.K. and J.G. outside of the apartment building, J.K. and J.G. forcibly exposing and making contact with her breasts outside the apartment building, J.K. and J.G. taking her belongings into the apartment complex's laundry room; J.K. forcing her into the apartment complex's laundry room, J.K. and J.G. both digitally penetrating her vagina, and J.G. forcing her to have vaginal intercourse with him.

On cross-examination, the detective stated that while Y.C. had initially only told officers that she went home to her

---

[1] See Neb. Rev. Stat. §§ 43-245 to 43-2,129 (Reissue 2008 & Cum. Supp. 2014).

apartment after the assault, Y.C. subsequently reported voluntarily going to J.K.'s apartment shortly after she went home, to recover the cell phone case he had stolen from her. The detective also provided additional testimony about the events of the night, suggesting Y.C. had an existing relationship with J.K. and J.G.

After presenting the evidence, the parties made arguments regarding whether the State met its burden of establishing probable cause for the alleged crimes. The judge, on the record, engaged in discussion with J.K.'s counsel regarding his argument, Y.C.'s credibility, and whether Y.C.'s allegation alone amounted to probable cause. During this discussion, the court made the following statement:

> One of the concerns — the biggest concern I have so far is why would an alleged victim go to the alleged perpetrator's residence within an hour, or two, or five minutes, or whatever the case may be, within a short period of time, knock on his door, even if it's to try to get my [sic] cell phone case. I find that a little unusual.

Nevertheless, the county court ruled there was probable cause to proceed with the felony counts against J.K. and bound the matter over to the district court for Washington County. In May 2016, the district court sustained J.K.'s motion to suppress J.K.'s statement to law enforcement made on August 17, 2015, and then ordered the matter transferred to juvenile court.

The State then filed a petition against J.K. in juvenile court, alleging first degree sexual assault and false imprisonment, under § 43-247(2). The same county judge who heard the preliminary hearing was assigned to sit as the judge for the juvenile court proceedings.

During a preadjudication hearing, J.K.'s attorney requested a continuance to file a motion to suppress statements made and evidence collected from J.K. on August 17, 2015. On November 3, 2016, the scheduled hearing on the motion to suppress was continued at the State's request to allow the State to file a motion to recuse the judge.

Before considering the motion to recuse, the court requested briefs from the parties and heard arguments on the issue of whether or not the juvenile court was bound by the district court's order to suppress statements J.K. had made on August 17, 2015. The court ultimately concluded it was not bound by the district court's order to suppress, and the matter proceeded to a hearing on the State's motion to recuse.

The motion to recuse asserted that the judge should be recused for bias or prejudice, under Neb. Rev. Code of Judicial Conduct § 5-302.11. The State submitted an affidavit, authored by the county attorney, describing the alleged biased or partial statements made by the judge during an off-the-record conversation with both parties' counsel before the November 3, 2016, hearing, including that the judge had read the district court's order to suppress; absent "new" evidence, the court would make the exact same finding as the district court; and, in response to the State's inquiry regarding the court's ability to make its ruling without evidence, the judge stated that he "knew the law and would follow it." The State also cited the above-quoted statement by the judge from the preliminary hearing about Y.C.'s credibility, which had been published in a local newspaper.

At the hearing on the motion to recuse, the State rested on its affidavit. The judge then called J.K.'s counsel as a witness, who testified that the statements the county attorney attributed to the judge were not a verbatim account of the judge's statements. The judge then, while issuing his ruling on the motion, stated from the bench, regarding the off-the-record conversation, "[T]here's several of the paragraphs in your affidavit that the Court strongly disagrees with as to the accuracy" and "I don't recall saying things that you attribute to me" and, regarding the statement at the preliminary hearing, "It was certainly something that I heard during the course of the preliminary hearing." Ultimately, the court overruled the motion for recusal.

In March 2017, the court entered an order overruling J.K.'s motion to suppress and set the matter for adjudication in June 2017. In April 2017, the State filed a motion for joinder regarding the petitions against J.K. and J.G. and an unrelated motion for continuance of J.K.'s adjudication.

The matters of joinder and continuation of the adjudication for J.K. came before the court, at which time J.K. and J.G. resisted the motion for joinder. The court denied the motion for joinder, finding that the cases were at differing procedural postures, and continued J.K.'s adjudication to July 2017.

After the adjudication hearing, the court ruled the State failed to prove its case beyond a reasonable doubt and dismissed the petition against J.K. The State appealed. We removed the case to our docket on our own motion pursuant to our authority to regulate the caseloads of the Nebraska Court of Appeals and this court.[2]

## II. ASSIGNMENTS OF ERROR

The State assigns, restated, that the juvenile court erred when (1) the presiding judge failed to recuse himself after evidence was presented showing bias and partiality and (2) it failed to join J.K.'s and J.G.'s cases.

## III. STANDARD OF REVIEW

[1] A motion to disqualify a trial judge on account of prejudice is addressed to the sound discretion of the trial court.[3] An order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law.[4]

[2,3] Appellate review of a court's use of inherent power is for an abuse of discretion.[5] An abuse of discretion occurs

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[3] *In re Interest of Kendra M. et al.*, 283 Neb. 1014, 814 N.W.2d 747 (2012).

[4] *Id.*

[5] *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018).

when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[6]

## IV. ANALYSIS

### 1. Court's Denial of Motion for Recusal Was Not Error

The State argues the juvenile judge abused his discretion in failing to recuse himself, under Neb. Rev. Code of Judicial Conduct § 5-302.10(A), as well as § 5-302.11. Section 5-302.10(A) states that "[a] judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing." Section 5-302.11(A) states that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ."

In support of its argument, the State identifies three separate actions of the judge that it argues violated these rules. First, the State asserts that the judge's on-the-record statement about Y.C.'s credibility at a preliminary hearing violated § 5-302.10(A) as an improper public comment and violated § 5-302.11 by showing bias and partiality. Second, the State asserts that the judge's off-the-record comments about the way it would rule on J.K.'s motion to suppress violated § 5-302.10(A) as an improper nonpublic comment and violated § 5-302.11 by showing bias and partiality. Finally, the State argues that the judge's conduct at the motion for recusal hearing violated § 5-302.11 by showing bias and partiality.

J.K. contends that the State waived its argument that the judge acted with bias and partiality during the motion for recusal hearing because it never raised the issue to the trial court. J.K. also contends that the on-the-record statement during the preliminary proceeding was based on the evidence

---

[6] *Id.*

presented and was, therefore, a judicial, not prejudicial, statement. Finally, J.K. argues that no matter what the judge may have stated in the off-the-record conversation, the judge clearly stated that he would follow the law.

#### (a) State Failed to Present Certain Basis for Disqualification to Juvenile Court

The State never alleged, either in its motion to recuse or at the hearing on its motion, that the judge violated § 5-302.10(A). Instead, the only basis for recusal presented was the alleged violation of § 5-302.11. Further, despite reasserting its motion for recusal after the hearing, the State did not add the court's conduct during the hearing on the motion for recusal as an additional basis for disqualification. Accordingly, the State failed to present either of these issues to the juvenile court for consideration.

[4-6] A party is said to have waived his or her right to obtain a judge's disqualification when the alleged basis for the disqualification has been known to the party for some time, but the objection is raised well after the judge has participated in the proceedings.[7] Once a case has been litigated, an appellate court will not disturb the denial of a motion to disqualify a judge and give litigants a second bite at the apple.[8] The issue of judicial disqualification is timely if submitted at the earliest practicable opportunity after the disqualifying facts are discovered.[9]

Because the State failed to timely submit these issue to the juvenile court, it waived its ability to obtain disqualification on either basis.

#### (b) Principles of Law Regarding § 5-302.11

[7-9] Under § 5-302.11 of the Nebraska Revised Code of Judicial Conduct, a judge must recuse himself or herself from

---

[7] *State v. Buttercase*, 296 Neb. 304, 893 N.W.2d 430 (2017).

[8] *Id.*

[9] *Id.*

a case if the judge's impartiality might reasonably be questioned. Such instances in which the judge's impartiality might reasonably be questioned specifically include where the judge has a personal bias or prejudice concerning a party or a party's lawyer.[10] A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality.[11]

[10,11] Under the standard we have articulated for evaluating a trial judge's alleged bias, the question is whether a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown.[12] Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion directed to a trial judge.[13]

### (c) Judge's Statement at Preliminary Hearing Did Not Warrant Disqualification

We begin by noting that the State timely submitted this argument for the judge's disqualification. While this incident occurred over a year before the motion to recuse, the matter had only recently been assigned to the judge sitting as a juvenile judge, and it was made before the judge decided any substantial issues in the juvenile proceedings.

As mentioned above, judicial rulings almost never constitute a valid basis for a partiality motion. As the U.S. Supreme Court stated in *Liteky v. United States*[14]:

The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the

---

[10] *Id.*; § 5-302.11.

[11] *Buttercase, supra* note 7.

[12] *Id.* See, also, *Huber v. Rohrig*, 280 Neb. 868, 791 N.W.2d 590 (2010).

[13] *Buttercase, supra* note 7. Accord *Liteky v. United States*, 510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).

[14] *Liteky, supra* note 13, 510 U.S. at 550-51.

defendant, who has been shown to be a thoroughly rep-
rehensible person. But the judge is not thereby recusable
for bias or prejudice, since his knowledge and the opinion
it produced were properly and necessarily acquired in the
course of the proceedings, and are indeed sometimes (as
in a bench trial) necessary to completion of the judge's
task. . . . ". . . If the judge did not form judgments of the
actors in those court-house dramas called trials, he could
never render decisions."

[12] Therefore, "opinions formed by the judge on the basis
of facts introduced or events occurring in the course of the
current proceedings, or of prior proceedings,"[15] do not "consti-
tute a basis for a bias or partiality motion unless they display
a deep-seated favoritism or antagonism that would make fair
judgment impossible."[16]

The record shows that the judge's comment, regarding a
determination of Y.C.'s credibility, was based solely on the
evidence presented during the hearing, which expressed nei-
ther favoritism nor antagonism for either side. As a result, the
judge's impartiality could not be questioned by a reasonable
person under an objective standard of reasonableness based on
this comment.

(d) Evidence of Judge's Off-the-Record
Comment Did Not Warrant
Disqualification

The only evidence presented by the State regarding the
judge's off-the-record comments was an affidavit from the
county attorney. However, J.K.'s counsel testified that the affi-
davit did not state the judge's comments verbatim. The State
could have called J.K's counsel to testify or request to cross-
examine J.K.'s counsel to present further evidence of the com-
ments but did not do so.

---

[15] *Id.*, 510 U.S. at 555.

[16] *Id.*

[13] We note that the judge made statements from the bench during the hearing regarding the content of his off-the-record comments. Though we do not comment on the procedure used by the judge, we do note that comments by a judge presiding over a matter are clearly not evidence, because a judge may not assume the role of a witness.[17]

[14,15] Neb. Rev. Stat. § 27-605 (Reissue 2016) provides: "The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." This rule was drafted as a broad rule of incompetency designed to prevent a judge presiding at a trial from testifying as a witness in that trial on any matter whatsoever.[18] This prohibition applies not only to formal testimony but also to whenever the judge assumes the role of a witness.[19] A judge's taking the role of a witness in a trial before him or her is manifestly inconsistent with the judge's customary role of impartiality.[20] Therefore, we do not consider statements made by the court in such capacity.[21]

Nevertheless, the context of the judge's alleged comment about the way the court would rule on J.K.'s motion to suppress does not support a finding of prejudice by the judge. First, the judge requested that the parties brief and argue the issue of whether he was bound by the district court's order to suppress. This indicates that the judge's alleged statement may have related to a belief that collateral estoppel required him to enter an identical order, rather than providing an indication of prejudicial reliance on extraneous material. Second, the judge's alleged comment that he would follow the law in making his order rebuts any allegation that he intended to rule on the basis of bias or partiality. Further, the State has not identified

---

[17] *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000).

[18] *State v. Sims*, 272 Neb. 811, 725 N.W.2d 175 (2006).

[19] *Baird, supra* note 17.

[20] *Id.*

[21] *Id.*

anything in the judge's ruling on the motion to suppress that would indicate that the judge in fact relied on any evidence that was not presented to the court.[22]

Noting the strong presumption of impartiality, we conclude that a reasonable person who knew the circumstances of the case would not question the judge's impartiality under an objective standard of reasonableness. Therefore, this assignment of error is without merit.

## 2. Court Did Not Abuse Its Discretion in Denying Motion for Joinder

The State argues that J.K.'s and J.G.'s proceedings were joinable under Neb. Rev. Stat. § 29-2002(2) (Reissue 2016) and that the court abused its discretion in denying its motion without engaging in the statutory analysis for joinder. J.K. contends that joinder is not permissible in juvenile proceedings because the juvenile code does not provide for such and the rules of criminal procedure are not applicable in juvenile proceedings, which are civil in nature. J.K. also argues that if joinder is permissible in juvenile proceedings, the motion was properly denied because of the differing procedural postures of the cases and the State's long delay in requesting joinder.

At the time of the State's motion for joinder, J.K.'s proceedings had been pending in the juvenile court for over a year and the adjudicatory hearing had been scheduled, absent a later motion to continue by the State. The State had not raised the issue of joinder, though without filing such a motion, until the hearing where the date for the adjudicatory hearing was initially set. Conversely, J.G.'s proceedings still had a pending motion to suppress J.G.'s statements before it could reach the adjudicatory stage.

The court determined that ordering the cases joined at that point in J.K.'s and J.G.'s proceedings would have caused excessive and unnecessary delay in adjudicating J.K. We need

---

[22] *Gibilisco v. Gibilisco*, 263 Neb. 27, 637 N.W.2d 898 (2002).

not decide whether J.K. correctly argues that the court lacked authority to join matters for adjudication, because here, the court denied the State's motion for joinder. Even if the court had such authority, its denial of joinder under these circumstances would not have been an abuse of discretion.

## V. CONCLUSION

For the preceding reasons, we overrule the State's exception.

EXCEPTION OVERRULED.

HEAVICAN, C.J., concurring.

I concur with the decision of the court, but write separately to caution that a trial court should refrain as much as possible from calling and questioning witnesses on its own motion, particularly where that witness is one of the attorneys in the underlying litigation and especially where the trial court then subjected counsel to a leading question.

Both Nebraska and federal law allow a trial court to call a witness on its own motion,[1] the usual purpose of such interrogation being "to develop the truth."[2] But this right of examination should be "'"'"'sparingly exercised.'"'"'"[3] In this instance, I observe that although the State objected to the trial court's examination of counsel, it did not assign that action as error on appeal. As such, I join the opinion of the court.

---

[1] Neb. Rev. Stat. § 27-614 (Reissue 2016); Fed. R. Evid. 614.

[2] *State v. Fix*, 219 Neb. 674, 677, 365 N.W.2d 471, 473 (1985).

[3] *State v. Brehmer*, 211 Neb. 29, 44, 317 N.W.2d 885, 894 (1982), *disapproved on other grounds, State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015).

CASSEL, J., concurring.

I join the court's opinion and write separately only to suggest that the purported absence of any statutory basis for joinder of adjudication proceedings in juvenile law violation cases deserves the attention of the Legislature.