Heavican, C.J., concurring.
 

 I concur with the decision of the court, but write separately to caution that a trial court should refrain as much as possible from calling and questioning witnesses on its own motion, particularly where that witness is one of the attorneys in the underlying litigation and especially where the trial court then subjected counsel to a leading question.
 

 Both Nebraska and federal law allow a trial court to call a witness on its own motion,
 
 [1]
 
 the usual purpose of such interrogation being "to develop the truth."
 
 [2]
 
 But this right of examination should be " ' " 'sparingly exercised.' " ' "
 
 [3]
 
 In this instance, I observe that although the State objected to the trial court's examination of counsel, it did not assign that action as error on appeal. As such, I join the opinion of the court.
 

 Neb. Rev. Stat. § 27-614
 
 (Reissue 2016) ; Fed. R. Evid. 614.
 

 State v. Fix,
 

 219 Neb. 674
 
 , 677,
 
 365 N.W.2d 471
 
 , 473 (1985).
 

 State v. Brehmer,
 

 211 Neb. 29
 
 , 44,
 
 317 N.W.2d 885
 
 , 894 (1982),
 
 disapproved on other grounds,
 

 State v. Dominguez,
 

 290 Neb. 477
 
 ,
 
 860 N.W.2d 732
 
 (2015).