Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/30/2017 09:12 AM CDT

State of Nebraska, appellee, v.
Joseph J. Buttercase, appellant.
__ N.W.2d ___

Filed April 7, 2017.    No. S-16-114.

1. **Search and Seizure: Appeal and Error.** The denial of a motion for return of seized property is reviewed for an abuse of discretion.
2. **Sentences.** An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.
3. **Judges: Recusal: Appeal and Error.** A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law.
4. **Criminal Law: Search and Seizure: Property.** Property seized in enforcing a criminal law is said to be in custodia legis, or in the custody of the court.
5. **Trial: Search and Seizure: Evidence.** Property seized and held as evidence shall be kept so long as necessary for the purpose of being produced as evidence at trial.
6. **Courts: Jurisdiction: Search and Seizure: Property.** The court in which a criminal charge was filed has exclusive jurisdiction to determine the rights to seized property, and the property's disposition.
7. **Search and Seizure: Property.** The proper procedure to obtain the return of seized property is to apply to the court for its return.
8. **Judges: Recusal.** Under the Nebraska Revised Code of Judicial Conduct, a judge must recuse himself or herself from a case if the judge's impartiality might reasonably be questioned.
9. ____: ____. Under the Nebraska Revised Code of Judicial Conduct, such instances in which the judge's impartiality might reasonably be questioned specifically include where the judge has a personal bias or prejudice concerning a party or a party's lawyer.

10. **Judges: Recusal: Presumptions.** A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality.
11. **Judges: Recusal.** In evaluating a trial judge's alleged bias, the question is whether a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown.
12. ____: ____. That a judge knows most of the attorneys practicing in his or her district is common, and the fact that a judge knows attorneys through professional practices and organizations does not, by itself, create the appearance of impropriety.
13. ____: ____. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion directed to a trial judge.
14. **Judges: Recusal: Waiver.** A party is said to have waived his or her right to obtain a judge's disqualification when the alleged basis for the disqualification has been known to the party for some time, but the objection is raised well after the judge has participated in the proceedings.
15. **Judges: Recusal: Appeal and Error.** Once a case has been litigated, an appellate court will not disturb the denial of a motion to disqualify a judge and give litigants a "second bite at the apple."
16. **Judges: Recusal: Time.** The issue of judicial disqualification is timely if submitted at the earliest practicable opportunity after the disqualifying facts are discovered.

Appeal from the District Court for Gage County: Paul W. Korslund, Judge. Affirmed.

Joseph J. Buttercase, pro se.

Douglas J. Peterson, Attorney General, Melissa R. Vincent, and, on brief, George R. Love for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

This is an appeal from the denial of Joseph J. Buttercase's motion for the return of seized property, filed within a criminal case that is currently pending on postconviction review with this court, docketed as case No. S-15-987.

Buttercase contends that he was denied his right to the return of certain personal property, in violation of Neb. Rev. Stat. § 29-818 (Reissue 2016). The district court denied the motion. Buttercase appeals. We affirm.

## BACKGROUND

Following a jury trial, Buttercase was convicted in the Gage County District Court of first degree sexual assault, first degree false imprisonment, strangulation, and third degree domestic assault. Buttercase appealed, and in case No. A-12-1167, in an unpublished memorandum opinion dated November 5, 2013, the Nebraska Court of Appeals affirmed his convictions and sentences.

On December 9, 2015, Buttercase filed a motion for return of seized property. In his motion, Buttercase requested the return of the following:

1. One black leather couch cushion;
2. One brown and white striped fitted sheet;
3. One white mattress pad;
4. One Sony Camcorder;
5. One camera tripod;
6. One pair of Flypaper blue jeans;
7. One pair of blue Fruit of the Loom underwear;
8. One "I have the Dick" black T-shirt;
9. One pair of white Nike shoes and pair of white socks;
10. One green belt;
11. One Silver Case and Blackberry cell phone[;]
12. SpeedTech 500GB External Hard Drive and cord;
12. E-Machine PC Tower and Cord, SN# GRY5A20017309;
13. SanDisk media card;
14. Lexar 128 MB media card;
15. 77 Homemade compact discs (from upstairs and living room);
16. One Brass pipe (Brand new, still in package);
17. 3-page note from T. Fulton to J. Buttercase.

On January 20, 2016, the district court held a hearing on Buttercase's motion to return property. Buttercase, acting

pro se, appeared telephonically. At the hearing, the State argued that at that time, Buttercase had a pending postconviction motion and a pending federal prosecution for child pornography and that "many of the items that he pled in his motion are subject to that case." The State further argued that "until there's a final disposition in this matter in both the federal case and the state case that's on appeal, that none of the property items should be returned." The district court denied Buttercase's motion to return property, stating at the hearing that

> at least some of the property listed here might be necessary for the federal prosecution or the other postconviction matter depending on the outcome of that, and rather than try to parse through the different items of property and determine what may or may not be needed at this time, it would be premature to release property. So I will deny the Motion for Return of Seized Property, because it may be necessary for those other matters.

## ASSIGNMENTS OF ERROR

Buttercase assigns that the district court erred in dismissing his motion for return of seized property because (1) the pending federal prosecution and postconviction proceedings do not qualify as pending trials, (2) the State was required to determine what portion of the seized evidence would be necessary for the pending proceedings and return the portion that would not be necessary, and (3) the court was biased against him.

## STANDARD OF REVIEW

[1,2] The denial of a motion for return of seized property is reviewed for an abuse of discretion.[1] An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.[2]

---

[1] *State v. Agee*, 274 Neb. 445, 741 N.W.2d 161 (2007).

[2] *State v. Pattno*, 254 Neb. 733, 579 N.W.2d 503 (1998).

[3] A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law.[3]

## ANALYSIS

Buttercase argues that the district court erred in denying his motion to return seized property under § 29-818 because (1) the "collateral or postconviction proceedings do not qualify as a criminal prosecution in which evidence is needed for any pending trial,"[4] and "court proceedings against [Buttercase] ceased in 2013 when the appellate court mandate affirming [his] convictions and sentences on direct appeal was entered by the district court"[5]; (2) at least some of the property was not needed for his pending federal prosecution or postconviction proceedings; and (3) there is evidence of judicial bias.

### Whether Pending Federal Prosecution and Postconviction Proceedings Qualify as Pending Trial

On appeal, Buttercase contends that the pending postconviction and federal prosecution are not "any pending trial" for purposes of § 29-818 and that therefore, he is entitled to the return of his property.[6] Section § 29-818 governs seized property and provides in relevant part:

[P]roperty seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same, unless otherwise directed by the judge or magistrate, and shall be so kept so long as necessary for the purpose of being produced as evidence in any trial. Property seized may not be taken from the officer having

[3] *Young v. Govier & Milone*, 286 Neb. 224, 835 N.W.2d 684 (2013).

[4] Reply brief for appellant at 3.

[5] Brief for appellant at 4.

[6] Reply brief for appellant at 3.

it in custody by replevin or other writ so long as it is or may be required as evidence in any trial, nor may it be so taken in any event where a complaint has been filed in connection with which the property was or may be used as evidence, and the court in which such complaint was filed shall have exclusive jurisdiction for disposition of the property or funds and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof.

[4-7] Property seized in enforcing a criminal law is said to be "in custodia legis," or in the custody of the court.[7] Property seized and held as evidence shall be kept so long as necessary for the purpose of being produced as evidence at trial.[8] The court in which a criminal charge was filed has exclusive jurisdiction to determine the rights to seized property, and the property's disposition.[9] The proper procedure to obtain the return of seized property is to apply to the court for its return.[10]

In *State v. Agee*,[11] this court found that the district court erred in denying the defendant's motion for return of property after the defendant's theft charge was dismissed, and that the State did not meet its burden of proving it had a legitimate reason to retain the property. The State claimed that the property did not belong to the defendant and that it had been stolen by him. This court found that no evidence had been adduced at trial as to whether the seized items were stolen property; rather, without evidentiary support, the district court based its ruling solely on representations made by the State that the property was stolen.[12] We noted that

---

[7] *State v. Agee, supra* note 1.

[8] *Id.*

[9] *Id.* See *State v. Holmes*, 221 Neb. 629, 379 N.W.2d 765 (1986).

[10] *State v. Agee, supra* note 1. See *State v. Allen*, 159 Neb. 314, 66 N.W.2d 830 (1954).

[11] *State v. Agee, supra* note 1.

[12] *Id.*

the general rule is well established that upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner unless the government has a continuing interest in the property. "'[I]t is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner.'" . . . Thus, a motion for the return of property is properly denied only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property.[13]

This court further stated that the burden of proof was on the "government to show that it has a legitimate reason to retain the property."[14] And, "[t]he State must do more than assert, without evidentiary support, that the property was stolen, or is not in the State's possession."[15] Therefore, this court held that the State did not meet that burden because it failed to present evidence of "any of the other grounds that have been used to justify the government's retention of property, such as an ongoing investigation, a tax lien, an imposed fine, or an order of restitution."[16]

Also relevant is *State v. Dubray*,[17] in which the Court of Appeals applied the reasoning in *Agee* and found that once criminal proceedings against the defendant were concluded, he was presumptively entitled to the return of property seized from him. Without providing any supporting evidence, the State argued that the items belonged to the defendant's

---

[13] *Id.* at 449-50, 741 N.W.2d at 166, quoting *United States v. Wright*, 610 F.2d 930 (D.C. Cir. 1979).

[14] *Id.* at 450, 741 N.W.2d at 166.

[15] *Id.* at 452, 741 N.W.2d at 167.

[16] *Id.* at 451, 741 N.W.2d at 167.

[17] *State v. Dubray*, 24 Neb. App. 67, 883 N.W.2d 399 (2016).

murder victims and that the defendant "failed to present evidence supporting his claim to the property."[18] The Court of Appeals found the State had not overcome that presumption because it did not submit any evidence "of a cognizable claim or right of possession adverse to [the defendant's]."[19]

Buttercase argues that the State does not have a continuing interest in his property because his conviction and sentence are final. Buttercase further contends that the State made no "specific showing . . . of any legitimate reason to retain said property or demonstrate any valid continuing interests in such property."[20] We disagree as to both assertions.

This court has held that a motion for the return of property is properly denied "only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property." [21] In this case, the government does not contend that Buttercase is not entitled to lawful possession of the property or that the property is contraband or subject to forfeiture. Instead, the government asserts that it has a continuing interest in the property.

In the instant case, much like in *Agee* and *Dubray*, without presenting evidence or requesting the district court to take judicial notice, the State cited the pending federal case and motion for postconviction relief currently pending in this court. The judge then asked Buttercase if there was anything further he would like to say. Buttercase did not dispute the State's assertion of his pending proceedings in state and federal court, nor did he dispute that some of the seized items may be needed for those proceedings. Rather, Buttercase responded that "at least part of it could be returned . . . if there

---

[18] *Id.* at 72, 883 N.W.2d at 403.

[19] *Id.* at 73, 883 N.W.2d at 404.

[20] Brief for appellant at 5.

[21] See *State v. Agee, supra* note 1, 274 Neb. at 450, 741 N.W.2d at 166.

was no other need for it." In addition, Buttercase acknowledges in his brief the existence of both cases against him, but asserts that they "do not qualify as a criminal prosecution in which evidence is needed for any pending trial."[22] The district court found that the State showed it had a legitimate reason to retain the seized property based on "a pending appeal on [Buttercase's] post-conviction matter and a federal case that is still pending."

Under § 29-818, seized evidence "shall be so kept so long as necessary for the purpose of being produced as evidence in *any* trial." (Emphasis supplied.) When a prisoner files a motion for postconviction relief, the court must determine whether the prisoner "has the right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States."[23] If, after conducting an evidentiary hearing, the court finds such a denial or infringement, "the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence the prisoner or grant a new trial as may appear appropriate."[24] Accordingly, postconviction proceedings provide an evidentiary hearing for the court to determine whether there has been a "denial or infringement" of his or her rights, and whether the court should "grant a new trial." For these purposes, the State may have a continuing need to retain the evidence in the course of postconviction proceedings. Postconviction proceedings are the equivalent of a "trial" for purposes of § 29-818.

In addition, at the time this motion was filed, Buttercase remained subject to a pending federal criminal child pornography case. Thus, the evidence seized may have been "necessary

---

[22] Reply brief for appellant at 3.

[23] Neb. Rev. Stat. § 29-3001(1) (Reissue 2016).

[24] § 29-3001(2).

for the purpose of being produced as evidence" at trial in the federal criminal proceedings.[25]

Given the fact that Buttercase does not contest the existence of the postconviction motion or the federal prosecution, the presumption in *Agee* and *Dubray* has been rebutted. Under these facts, we cannot say that the district court abused its discretion in denying Buttercase's motion to return seized property.

### Whether State Was Required to Determine Portion of Seized Evidence Required for Pending Proceedings and Return Portion Not Required

Buttercase argues, without citation to any relevant authority, that the district court must determine what property is needed for his pending federal prosecution or postconviction proceedings and return any evidence that is not needed for prosecution.

Under § 29-818, when a complaint has been filed, the State must only show that the property "may be used as evidence." Here, the district court found that there was such a possibility. The district court did not abuse its discretion in failing to parse through the property to determine what evidence would be used in the other pending proceedings and what should be returned to Buttercase.

### Buttercase's Contentions of Judge's Bias

Finally, we address Buttercase's contention that the district court denied his motion because the court was biased against him. Buttercase points to the following as evidence of this bias: (1) The court denied Buttercase's postconviction motion without granting an evidentiary hearing, (2) the court denied a new trial wherein newly discovered evidence would have made the result different, (3) the court denied Buttercase's motion

---

[25] See § 29-818.

to amend his motion for postconviction relief, (4) the victim sent Buttercase's ex-wife a message on social media prior to trial stating that her attorney and the judge play golf together and that the judge likes the victim, (5) the court issued a "one-sided 'admonishment'"[26] of Buttercase in the presence of the jury, (6) the court denied Buttercase the chance to fully establish a defense based on consensual sexual conduct, and (7) the court showed "cumulative bias"[27] against Buttercase.

[8-10] Under the Nebraska Revised Code of Judicial Conduct, a judge must recuse himself or herself from a case if the judge's impartiality might reasonably be questioned.[28] Under the code, such instances in which the judge's impartiality might reasonably be questioned specifically include where "'[t]he judge has a personal bias or prejudice concerning a party or a party's lawyer . . . .'"[29] A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality.[30]

[11-13] Under the standard we have articulated for evaluating a trial judge's alleged bias, the question is whether a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown.[31] That a judge knows most of the attorneys practicing in his or her district is common, and the fact that a judge knows attorneys through professional practices and organizations does not, by itself, create the appearance of impropriety.[32]

---

[26] Brief for appellant at 7.

[27] *Id.*

[28] *Young v. Govier & Milone, supra* note 3.

[29] *Tierney v. Four H Land Co.*, 281 Neb. 658, 664, 798 N.W.2d 586, 591 (2011), quoting Neb. Rev. Code of Judicial Conduct § 5-302.11(A)(1).

[30] *State v. Pattno, supra* note 2.

[31] *State v. Barranco*, 278 Neb. 165, 769 N.W.2d 343 (2009).

[32] *State v. Hubbard*, 267 Neb. 316, 673 N.W.2d 567 (2004).

Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion directed to a trial judge.[33]

[14-16] A party is said to have waived his or her right to obtain a judge's disqualification when the alleged basis for the disqualification has been known to the party for some time, but the objection is raised well after the judge has participated in the proceedings.[34] Once a case has been litigated, an appellate court will not disturb the denial of a motion to disqualify a judge and give litigants "'a second bite at the apple.'"[35] "[T]he issue of [judicial] disqualification is timely if submitted at the '"earliest practicable opportunity" after the disqualifying facts are discovered.'"[36]

The record contains no indication that Buttercase raised any allegation of judicial bias prior to or during the hearing on his motion for return of seized property. And each of Buttercase's allegations was known to him prior to the hearing.

As noted above, at the hearing, the State cited the pending federal case and the motion for postconviction relief currently pending in this court. The judge then asked Buttercase, "[I]s there anything further you would like to state?" Buttercase did not dispute the State's assertion of his pending proceedings in state and federal court, nor did he dispute that some of the evidence may be needed for those proceedings. After the court denied Buttercase's motion, the judge again asked, "Anything else that anybody wants to bring up at this point?" Once again, Buttercase failed to make any of his judicial bias arguments.

Despite several opportunities, Buttercase failed to raise any allegation of bias at any point during the hearing. Thus, we find that Buttercase failed to raise these issues at the earliest

---

[33] *Young v. Govier & Milone, supra* note 3.

[34] *Tierney v. Four H Land Co., supra* note 29.

[35] *Id.* at 665, 798 N.W.2d at 592.

[36] *Id.*

practicable opportunity and has waived any argument regarding bias.

Even if we were to consider these allegations, we find them to be without merit. As we have previously held, the fact that the district court socialized with another member of the bar is insufficient to show bias, as is the fact that the court previously presided over other actions involving the parties and made rulings against one or another of the parties. The possibility that the judge and the State's attorney knew each other and played golf together "does not, by itself, create the appearance of impropriety."[37] Buttercase also contends that the statement in the victim's social media message that the judge "'likes'"[38] her is evidence of bias. Assuming such a message is admissible evidence, without further substantive support no reasonable person would question the judge's impartiality under an objective standard of reasonableness based on the claimed social media message.

Even considered collectively, these allegations are insufficient to show bias. We find that a reasonable person who knew the circumstances of the case would not question the judge's impartiality under an objective standard of reasonableness. Therefore, Buttercase's arguments that the district court judge was biased are without merit.

## CONCLUSION

The district court did not err in dismissing Buttercase's motion for return of seized property. Accordingly, we affirm.

AFFIRMED.

---

[37] See *State v. Hubbard, supra* note 32, 267 Neb. at 324, 673 N.W.2d at 576.

[38] Brief for appellant at 8.