IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FISHER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JAMES L. FISHER, APPELLANT.

Filed April 19, 2022.    No. A-21-393.

Appeal from the District Court for Douglas County: HORACIO J. WHEELOCK, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

James L. Fisher appeals the order of the district court for Douglas County denying his amended motion for postconviction relief without an evidentiary hearing. Based on the reasons that follow, we affirm.

## BACKGROUND

On March 9, 2015, the State filed an information charging Fisher with one count of first degree sexual assault on a child-second offense, a Class IB felony. The victim was his step-daughter, who was 11 years old at the time of his arrest, and had informed a school counselor that the actions had been occurring since she was 5 years old.

Pursuant to a plea agreement, Fisher pled no contest to an amended information charging him with one count of first degree sexual assault, a Class II felony, and one count of child abuse,

- 1 -

a Class IIIA felony. He was sentenced to 40 to 50 years' imprisonment on the first charge and 5 to 5 years' imprisonment on the second charge. The sentences were to be served concurrently.

Fisher appealed and his trial counsel was appointed to represent him on appeal. His only assignment of error on appeal was that the court imposed excessive sentences. We summarily affirmed his conviction and sentence, and the Nebraska Supreme Court denied his petition for further review.

Fisher filed an amended motion for postconviction relief, asserting various claims of ineffective assistance of counsel. The district court denied the amended motion without an evidentiary hearing.

## ASSIGNMENTS OF ERROR

Fisher assigns that the district court erred in denying him an evidentiary hearing on his amended motion for postconviction relief because he alleged facts, which if proven, established that counsel was ineffective in (1) failing to investigate defenses, including an alibi defense, (2) failing to investigate his mental competency, (3) failing to ask the court to recuse itself, (4) failing to assert that his plea was not knowingly, intelligently and voluntarily made, and (5) failing to file a motion to withdraw his guilty plea.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

## ANALYSIS

In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). In the absence of alleged facts that would render the judgment void or voidable, the proper course is to overrule the motion for postconviction relief without an evidentiary hearing. *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018).

A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Newman, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.* Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id.* With those principles in mind, we proceed to address Fisher's ineffective assistance of counsel allegations which he claims entitled him to an evidentiary hearing.

Normally, a voluntary guilty plea waives all defenses to criminal charges. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). However, in a postconviction action brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id.* In addition, although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, when a defendant was represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *Id.* Fisher was represented by the same lawyer at trial and on direct appeal, and therefore his claims are not procedurally barred.

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Armendariz, supra.* When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id.* The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id.*

Here, we focus on whether Fisher alleged sufficient facts in his amended motion which, if true, would entitle him to postconviction relief. If so, he is entitled to an evidentiary hearing on the claim, unless the files and records affirmatively show that he is not.

*Failing to Investigate Defenses, Including Alibi Defense.*

Fisher first assigns that he was entitled to an evidentiary hearing on his claim that his trial counsel was ineffective in failing to investigate defenses, including an alibi defense. In his amended postconviction motion, Fisher alleged that his trial counsel failed to investigate his father-in-law, who was incarcerated for sexual assault on a child at the time the amended motion was filed. The amended motion states that his father-in-law helped care for the victim during the time period alleged in the information, and the victim had formerly made allegations of sexual abuse against Fisher's father-in-law, but withdrew the allegations and then made similar allegations against Fisher.

Fisher also alleges in his amended motion that trial counsel failed to investigate an alibi defense. He contends that his wife, his sister, and the victim's grandmother could have provided testimony to show that he could not have carried out the acts of sexual assault during the time frame alleged in the information. Fisher alleged that a proper investigation would have resulted in a "defensible case" and would have resulted in him choosing to challenge the charges instead of taking the plea offer. Brief for appellant at 21.

In regard to Fisher's claim that counsel failed to investigate the defense that his father-in-law could have committed the sexual abuse, Fisher fails to show there was a reasonable probability he would have insisted on going to trial rather than pleading no contest had counsel

pursued an investigation into his father-in-law. See *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011) (within plea context, in order to satisfy prejudice requirement of an ineffective assistance of counsel claim, defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial). Fisher has failed to satisfy the prejudice requirement of an ineffective assistance of counsel claim.

In regard to Fisher's claim that counsel failed to investigate an alibi defense, the U.S. Supreme Court has stated that where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. See *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); see also *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011). The viability of the defense is relevant as to how it would have reasonably affected the defendant's decision whether to plead guilty or go to trial, but it is not the sole factor to consider. Other relevant factors could include the benefit of an offered plea bargain or the potential penalties the defendant faces. *State v. Yos-Chiguil, supra.*

In this case, Fisher has not demonstrated that he was prejudiced by his counsel's alleged failure to investigate and pursue an alibi defense. To establish an alibi defense, a defendant must show (1) he or she was at a place other than where the crime was committed and (2) he or she was at such other place for such a length of time that it was impossible to have been at the place where and when the crime was committed. *State v. Newman*, 310 Neb. 463, 966 N.W.2d 860 (2021). As the district court noted, the allegations in Fisher's amended postconviction motion do not amount to an alibi defense. Fisher does not allege that the testimony from his "alibi" witnesses would establish that it was impossible for him to have committed first degree sexual assault at any time over the five or six years charged in the information because he was at another place for such a length of time that he could not have committed the crime. Rather, what he refers to is evidence from other family members that, if believed, would tend to discredit the victim's description of how the sexual assaults occurred. Thus, an alibi defense was not a viable defense and counsel was not ineffective for failing to investigate a defense that would not have succeeded at trial. See *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017) (as a matter of law, counsel cannot be ineffective for failing to raise a meritless argument).

Additionally, Fisher received a significant benefit from his plea agreement with the State. He was originally charged with first degree sexual assault on a child-second offense, a Class IB felony, which carries a mandatory minimum penalty of 25 years' imprisonment and a maximum penalty of life imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Instead, Fisher pled guilty to first degree sexual assault, a Class II felony, and child abuse, a Class IIIA felony. A Class II felony is punishable by a minimum of 1 year imprisonment and a maximum of 50 years' imprisonment. A Class IIIA felony carries a minimum of 0 days' imprisonment and a maximum of 5 years' imprisonment, a $10,000 fine, or both. By taking the plea agreement, Fisher avoided a minimum mandatory sentence of 25 years with no good time and the possibility of life imprisonment. Trial counsel indicated that the plea agreement allowed the court to retain some discretion at sentencing.

As previously mentioned, Fisher was not prejudiced by his counsel's alleged failure to investigate an alibi defense. We therefore find the district court did not err in denying

postconviction relief without an evidentiary hearing on Fisher's first claim of ineffective assistance of counsel.

*Failing to Investigate Mental Competency.*

Fisher next assigns that the district court erred in denying him an evidentiary hearing on his claim that his trial counsel was ineffective in failing to investigate his mental competency, and contends he was not competent at the time of the plea hearing.

A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). The test of mental capacity to plead is the same as that required to stand trial. *Id.*

In order to demonstrate prejudice from counsel's failure to investigate competency and for failing to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found him or her incompetent had a competency hearing been conducted. *Id.*

At the plea hearing, the court informed Fisher of the charges against him and the possible penalties, as well as his constitutional rights. Fisher indicated that he understood everything the court explained to him. The court also asked Fisher a number of questions regarding his competency at the time of the plea hearing and his responses gave no indication that he was not competent. The court specifically asked Fisher if he was, "under the influence of any kind of alcohol, medicine, or drug that is in the least way interfering with your ability to think clearly and understand exactly what you're doing in answering these questions." Fisher responded, "I am under some medication for anxiety. I don't know what it is. I pretty much believe that I'm understanding." The court further asked Fisher if the medication was interfering with his ability to think clearly and understand what he was doing and Fisher indicated that he did not believe so. Fisher further indicated that he had a clear mind and his medication was not affecting his ability to understand the proceedings at the hearing. The court found Fisher's plea was made knowingly, intelligently, and voluntarily.

The record of the plea hearing supports a finding that Fisher was competent at the time he entered his plea. Accordingly, Fisher cannot demonstrate there was a reasonable probability he was incompetent and that the district court would have found him incompetent. Fisher was not prejudiced by trial counsel's failure to investigate his mental competency, and the district court did not err in denying Fisher an evidentiary hearing on this issue.

*Failing to Ask Trial Judge to Recuse Himself.*

Fisher assigns that the district court erred in denying him an evidentiary hearing on his claim that his trial counsel was ineffective in failing to ask the trial judge to recuse himself. In his amended motion, Fisher states that trial counsel told him the trial judge had assigned numerous cases and clients to counsel's firm. He further states that the situation "concerned" him and he asked trial counsel to request that the judge recuse himself from the case, which counsel did not do. Brief for appellant at 27. Fisher claims he was "prejudiced by the ineffective assistance of counsel who was eager to please the trial judge by a plea and by not proceeding to trial." *Id.*

Under the Nebraska Revised Code of Judicial Conduct, a judge must recuse himself or herself from a case if the judge's impartiality might reasonably be questioned. *State v. Buttercase*, 296 Neb. 304, 893 N.W.2d 430 (2017). Under the code, such instances in which the judge's impartiality might reasonably be questioned specifically include where "'[t]he judge has a personal bias or prejudice concerning a party or a party's lawyer. . . .'" *Id.* at 314, 893 N.W.2d at 439, quoting Neb. Rev. Code of Judicial Conduct § 5-302.11(A)(1). A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *State v. Buttercase, supra.*

Under the standard we have articulated for evaluating a trial judge's alleged bias, the question is whether a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown. *Id.* That a judge knows most of the attorneys practicing in his or her district is common, and the fact that a judge knows attorneys through professional practices and organizations does not, by itself, create the appearance of impropriety. *Id.*

Fisher has not identified a reason to question the district court's impartiality, other than to allege the trial judge had assigned cases to counsel's law firm in the past and that trial counsel was trying to make the judge happy by not having a trial. Fisher has not pled sufficient facts to warrant a hearing on this issue. His conclusory allegations, without more, would not have required recusal even if trial counsel had raised it. It is well established that trial counsel cannot be ineffective for failing to bring a motion with no merit. See *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017) (as a matter of law, counsel cannot be ineffective for failing to raise a meritless argument). The district court did not err in denying postconviction relief without an evidentiary hearing on this claim on ineffective assistance of counsel.

*Failing to Assert Plea Not Made Knowingly, Intelligently, and Voluntarily.*

Fisher also assigns that he was entitled to an evidentiary hearing on his claim that his trial counsel was ineffective in failing to assert, especially on appeal, that his plea was not made knowingly, voluntarily, and intelligently. In his amended motion, Fisher alleges that on the day of the plea hearing he was under "extreme duress" and "under the influence of his psychiatric medications." Brief for appellant at 28-29. He claims that during his plea hearing he was confused and at times unresponsive. This claim is closely related to his prior argument that counsel was ineffective in failing to investigate his competency. He also alleges that he told his counsel at the plea hearing that he wanted more time to consider the plea but counsel told him the court would not give him more time. He also argues his plea was not knowingly, voluntarily, and intelligently made because counsel did not properly explain the plea agreement and failed to explain the elements of the offenses he was pleading to.

Nebraska appellate courts have consistently held that in order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and knowingly, the court must inform the defendant concerning the nature of the charge, the right to assistance of counsel, the right to confront witnesses against the defendant, the right to a jury trial, and the privilege against self-incrimination. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). The court must also examine the defendant and determine whether he or she understands the foregoing. *Id.* Lastly, the court must ensure the record establishes that there is a factual basis for the plea and

that the defendant knew the range of penalties for the crime with which he or she is charged. *Id.* The record supports a finding that the court complied with all of the above requirements and that Fisher understood what was explained to him. As we previously discussed, the record also supports a finding that Fisher was competent at the time of the plea hearing. Accordingly, the record refutes Fisher's claim that his plea was not knowingly, voluntarily, and intelligently made, and the court did not err in denying him an evidentiary hearing on the issue.

*Failing to File Motion to Withdraw Guilty Plea.*

Fisher's final assignment of error is that the district court erred in denying him an evidentiary hearing on his claim that trial counsel was ineffective in failing to file a motion to withdraw his guilty plea. In his amended postconviction motion, Fisher asserts that a week after the plea hearing he requested that his trial counsel file a motion to withdraw his plea and he was led to believe that such motion would be filed. He states that a motion to withdraw was never filed, depriving him of the right to have a hearing on such a motion prior to sentencing and the right to properly challenge the plea as not being knowingly, voluntarily, and intelligently made. Fisher alleges he was prejudiced in not being allowed to withdraw his plea and therefore being denied his constitutional right to trial.

In his brief, Fisher argues that his "drug induced, confused state of mind and the inadequate information regarding the plea provided to him are fair and just reasons" to withdraw his plea. Brief for appellant at 33. As well as "the fact that [he] had maintained actual innocence with his attorney, had made no confession and had substantial witnesses to help him at trial. . . ." *Id*. at 33-34.

The right to withdraw a plea previously entered is not absolute. *State v. Canaday*, 307 Neb. 407, 949 N.W.2d 348 (2020). When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. *Id.* The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence. *Id.*

Fisher has failed to allege facts in his amended motion that would have justified filing a motion to withdraw his plea; he only states that no motion was filed. As the district court found, Fisher's vague desire to withdraw his plea is not sufficient to show he had a "fair and just reason" to do so. Accordingly, his motion fails to set forth sufficient facts to support his claim that counsel was ineffective for failing to file a motion to withdraw. Because his amended motion does not contain factual allegations which, if proved, establish that he was denied effective assistance of counsel, the district court did not err in denying an evidentiary hearing.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court dismissing, without an evidentiary hearing, Fisher's amended motion for postconviction relief.

AFFIRMED.